José del Carmen Vargas, Appellant, *v.* Registrar of Property of Aguadilla, Respondent.

No. 1064. Submitted March 11, 1940.—Decided March 14, 1940.

*Buenaventura Esteves* for appellant. The registrar appeared by brief.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Upon presentation for record in the Registry of Property of Aguadilla of the deed of sale of a 150-acre rural estate, executed on November 17, 1938, by Antonio Román González and his wife to Telesforo Eduardo Soto Colón and others, the registrar refused to record the deed on the following grounds:

"*First:* Because the deed of sale to which the same refers amounts to a conveyance of hereditary rights and the payment of the inheritance tax has not been shown in compliance with the provisions of section 379 of the Political Code of Puerto Rico; and, *Second:* Because the minor purchasers have not been lawfully represented at the execution of the sale, and in lieu thereof the statutory cautionary notice for 120 days is entered."

Other three public deeds were presented at the same time in the registry, viz., deeds Nos. 192, 193 and 218, executed respectively on October 28, October 30, and December 27, 1939, by virtue whereof the property involved herein appears as having been sold by Telesforo Soto Colón and others to Pedro Ferrer, by Pedro Ferrer to José del C. Vargas, and by Ramón H. Vargas, Marshal of the District Court of Aguadilla, in behalf of certain minor joint owners, also to José del C. Vargas. The registrar refused to record them because the property sold did not appear of record in the name of the vendors.

José del Carmen Vargas, the latest purchaser according to the instruments, feeling aggrieved, brought the present administrative appeal on the ground that the registrar erred in holding that there was involved a conveyance of the hereditary rights whereas the matter is one of a deed of sale and in ruling that the minors Gervasio and María Soto Méndez were not lawfully represented.

An examination of the first deed, that is, the deed executed on November 17, 1938, from which resulted the other

three, will show that the registrar was right in holding that the sale amounted to a conveyance of hereditary rights.

At the appearance, after mentioning the purchasers by their names it is stated: "all of them residing in . . . . . heirs in various degrees of the predecessor in interest or ancestor Faustino Soto Torres, who died . . . . . ."

After describing the estate the vendors say:

"And now they sell the said estate, with all its uses, servitudes and apurtenances, to Sr. Soto Colón, who appears herein, for himself and all and each of the parties represented by him and hereinbefore named, according to their respective rights as heirs of don Faustino Soto Torres, already mentioned, for $1,500 which they declared to have received to their satisfaction prior to this act of inheritance from the said ancestor Soto Torres as stated to them by Soto Colón who appears herein; and it is hereby agreed and stipulated that the vendors herein are free and relieved from answering in any manner because of warranty, inasmuch as the predecessor in interest of the above purchasers was the former owner of the said real estate."

The appellant insists in his brief that the provisions of the Political Code which the registrar had in mind has reference to persons already deceased.

And so it is, indeed; but what appears from the deed of sale herein, as we have just seen, is that although the deed was executed by people alive, it was so executed for the purpose of embodying in a public instrument a transaction made with a person who had died and was substituted in the execution by his heirs. The latter—who appear as purchasers in the instrument whose record is sought—did not actually acquire the property by purchase but by inheritance.

As to the improper representation of the minors. it is said in the deed:

"Don Telesforo Eduardo states, that he appears for himself and in the name and representation of the following persons: . . . of age, except Gervasio, María, Monsa, and Manuel, who are minors; . . . ."

The appellant concedes that the power to represent the minors was vested in the mother, inasmuch as the father had died, but maintains that "such power could be delegated to somebody else, as happened in the instant case, since it was a case of acquiring and not of conveying; and all that the law requires is that the such mandate (either verbal or written) be ratified afterwards by the principal. . . . . . Of course, as minors they were not qualified to confer power; but, although the deed is silent in that respect, it must be presumed that Telesforo Eduardo, the coheir who appeared, had been empowered by the other purchasing heirs and by the mother of the said minors to represent them all, which proceeding was afterwards consented to and ratified by all, including the mother of the minor heirs, some by appearing before a notary and executing the deed of sale to Pedro Ferrer, and the mother before the district court requesting authorization for the sale by public auction of the jointly owned interests acquired by her children by deed No. 150 from Antonio Román González."

We think that as minors are involved and as the execution of the deed amounts to the acceptance of an inheritance rather than the purchase of an estate, the authorization from the mother to Telesforo Eduardo Soto Colón, who appears in the deed, to represent her children can not be presumed. However, as the last of the instruments presented shows that the mother of the minors recognized the transaction when she subsequently sought judicial authorization to sell what had been acquired, we think that the deficiency was supplied and the defect cured and therefore that the record should not have been refused on that score.

By virtue of the foregoing, the appeal shall be dismissed as to the first ground and sustained as to the second; although the records sought can not be decreed because the refusal is upheld on the first ground.